QUINTANA RACING PARK, INC., ET AL., Plaintiffs and Appellees, *v.* INSULAR RACING COMMISSION ET AL., Defendants and Appellants.

No. 5718. Argued April 7, 1933.—Decided September 29, 1934.

*R. Martínez Nadal; E. Martínez Rivera* and *Diego O. Marrero* for appellants. *Leopoldo Feliú* for appellees.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The Insular Racing Commission suspended temporarily the licenses that the corporations Quintana Racing Park, Inc., and Las Monjas Racing Corporation have to hold horse races at their race tracks, on the ground that said corporations had reduced the salaries of certain employees of the hippodrome which they paid but who were appointed by the defendant, Insular Racing Commission. The District Court of San Juan decided that said corporations could fix said salaries and consequently annulled the order suspending the licenses and defendant took the present appeal.

The defendant corporations are engaged only in the business of holding horse races at their respective hippodromes and the games of "pool" and *bancas* under a license issued by the appellant commission after a payment by each corporation of the sum of $300 per year. In said business each has invested great sums of money and on the date to which this suit refers they had contracts to secure the assistance of horses to the races which they hold each Sunday during the year covered by the license.

On December 31, 1930, said corporations notified the Insular Racing Commission that they had decided to reduce the salaries of the employees of the hippodrome which the directors have to pay by law but who are appointed by the Insular Racing Commission. The latter had fixed said salaries and when they were reduced by the corporations it suspended their licenses to hold horse races. The commission does not object to the reduction on the ground that it was excessive or unreasonable, but because it understands that the commission is the one with authority to fix the salaries paid by the corporations. During a year and five months the corporations had paid the salaries fixed by the commission for said employees.

■ Act No. 21 of 1925, (Sess. Laws, p. 146) gave the Insular Racing Commission power to appoint all the officers and employees of the hippodromes, to fix ther salaries, and imposed the duty of paying them. Act No. 40 of 1927 (Sess. Laws, p. 206) authorized the Commission to appoint certain employees of the hippodrome, to fix their salaries which would be paid by it, and provided that the directors of the hippodromes were under obligation to appoint certain employees the salaries of which would be paid by them. By the amendment to said act by Act No. 44 of 1929 (Sess. Laws, p. 238) the commission is to appoint certain employees whose salaries shall be fixed and paid by it and will also appoint the employees which before were appointed by the directors of the hippodromes, who still have the obligation of paying them. Two of the amendments made in 1929 to the act of 1927, in effect in December 1930, when the facts object of this suit happened, read as follows:

"Section 7.—The Insular Racing Commission shall appoint the following officials for each race track in operation: three judges, who shall form the jury; the president of said jury to be elected thereby from its own members; three substitute judges; a secretary of the jury; two judges for the pools and bancas; an instructor for jockeys; four race-track judges; a collector of fines, and a timekeeper.

"The Commission shall also appoint its secretary, and all such other employees as it may deem necessary for its office; and it shall fix such salaries. or per diems as it may judge reasonable for said employees; Provided, That no salary or per diem shall exceed two hundred (200) dollars a month, and that all of these salaries or per diems shall be paid out of such funds of the Racing Commission as are hereby created.

"The Insular Racing Commission shall also appoint a starter, an assistant starter, a weigher, an assistant weigher, a paddock judge, an assistant paddock judge, a clocker, a registration judge, two assistant flagmen, a veterinary, a physician, and an inspector of mountings. The salaries of these employees shall be paid by the race track directors. The Racing Commission shall have power to appoint such additional employees as may be considered necessary for the purposes of this Act and for the protection of public interest las a whole.

"The Insular Racing Commission may remove any officer due to his inefficiency, negligence in the fulfillment of his duties or misconduct in the discharge of his office, and it shall forward to such officer a copy of the charges existing against him, granting him an opportunity to be heard, appearing in person or through his lawyer, in self-defense, within ten (10) days after the date of serving notice of the charges.

"Section 13.—There shall be deducted at the race tracks of Puerto Rico twenty-five (25) per cent of the amounts wagered at the *bancas alemanas* or *pari mutuel,* after deducting the amounts bet on the winning horses at the respective *bancas,* and twenty-five (25) per cent of the gross total of wagers made in the pool. The gross total derived from said deductions shall be distributed in the following form: Eighty-seven (87) per cent for the corporation operating the business, and thirteen (13) per cent for the funds of the Insular Racing Commission; *Provided,* That the race tracks in which the pool does not exceed five thousand (5,000) dollars per racing day and where the gross income from *bancas* does not exceed two thousand (2,000) dollars, are exempted from any deduction for the funds of the Racing Commission. it being the duty of the corporations operating said race tracks to pay the per diems and salaries of the judges and other employees."

We have cited the last section only to show how the fund from which the Racing Commission pays its expenses is created, there being other precepts related to it, for it shows how the money produced by the hippodromes is distributed and because it is cited by appellant, but not because we believe that it is necessary to decide the question in controversy for which Section 7 *supra,* is sufficient.

Said law expressly authorizes the Insular Racing Commission to fix the salaries or per diems of the officials and employees appointed and paid by it but it does not give it authority to fix the salaries of the employees which must be paid by the race track directors and which employees are appointed by the Commission, for which reason we must conclude that the salaries or per diems paid by the race track directors may be fixed by them in view of the fact that the law did not expressly grant this power to the commission

as it did with regards to employees paid by it. The law must be interpreted in the sense that it is drafted, for if it had desired that said salaries should be fixed by the commission it would have expressly said so as it did as to the salaries of other employees, as generally the person who has to pay the salary fixes the same. The only argument of appellant against said conclusion, that the race track officials could fix the salaries so low for employees paid by them that it would obstruct the commission in finding persons who would perform their duties in accordance with the protective purposes of the law, is not applicable to this case as no allegation has been made that the reductions made by the race track officials in the salaries they must pay, are of the nature referred to by appellant.

█ The delay in exercising the injunction proceeding to prevent the commission from putting into effect its order of temporary suspension of the licenses of appellees authorizing them to hold horse races is no obstacle to the claim of the plaintiff corporations, as the fact that for a year and five months they paid the salaries fixed by the Insular Racing Commission caused no prejudice to the latter. *Martínez* v. *Porto Rico Railway, Light & Power Co.,* 18 P.R.R. 700. Besides, it does not appear from the record that the necessity of reducing the salaries arose for plaintiffs prior to its decision to that effect of December, 1930.

The judgment appealed from must be affirmed.